**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE GRANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIO CONSUMNES CORRECTIONAL CENTER, et al.,<br><br>　　　　　Defendants. | No. 2:21-CV-1759-TLN-DMC-P<br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

　　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

1   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it
2   rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
3   with at least some degree of particularity overt acts by specific defendants which support the
4   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
5   impossible for the Court to conduct the screening required by law when the allegations are vague
6   and conclusory.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff brings claims against the following defendants: (1) Rio Consumnes Correctional Center ("RCCC"); (2) Dr. Sahba, a medical doctor at RCCC; (3) Dr. Ho, a medical doctor at RCCC; and (4) unnamed defendants, listed as John Doe 1-5. See ECF No. 1, at 1.

The Court understands Plaintiff's complaint to include two claims.  First, Plaintiff appears to assert that Defendants provided him inadequate medical care in violation of his constitutional rights.  See ECF No. 1 at 3.  Second, Plaintiff contends Defendants violated his due process rights.  See id. at 5.

As to the first claim, Plaintiff asserts that, during yard time, he dislocated his left index finger while playing volleyball.  See id. at 3.  Afterward, Plaintiff reported the injury to correctional officers and they told him medical staff would be contacted.  See id.  Plaintiff claims that two hours later, medical staff wrapped his hand and gave him aspirin.  See id.

According to Plaintiff, five days later the radiology department x-rayed his finger. See id.  About a week later, a doctor told Plaintiff that his dislocated finger could not be adequately adjusted because too much time had elapsed.  See id.  Plaintiff alleges that the doctor requested that Plaintiff see an outside bone specialist.  See id. at 4.  Thereafter, Plaintiff met with a bone specialist who concluded that Plaintiff's finger was totally damaged.  See id.  Plaintiff then saw another doctor who recommended surgery.  See id.  Plaintiff underwent surgery, but still claims to have a longstanding injury.  See id.

///
///

1   Regarding Plaintiff's second claim, he contends that he filed a grievance in January
2   2021 against unnamed doctors, but he did not receive a reply until around four months later.  See
3   id. at 5.  Plaintiff contends this delayed response violated his due process rights.  See id.

## II. DISCUSSION

The Court finds Plaintiff fails to state cognizable claims as to either the Eighth Amendment medical care claim or his due process claim for one primary reason – Plaintiff fails to allege an actual connection or link between the actions of the named Defendants and the alleged deprivations.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to each named defendant, Plaintiff must allege which Defendant took what action that caused which specific constitutional violation.  Here, Plaintiff's complaint is devoid of any mention of which named Defendant performed which action that led to the claimed alleged constitutional violations.  Plaintiff will be provided an opportunity to amend in order to state facts as to each named defendant's involvement.

///
///
///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  December 2, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE